UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
MARTIN SHOREY,

                Plaintiff(s),

   -against-

SUPERB MOTORS INC. and
ALLY FINANCIAL INC.,

       Defendant(s).
-------------------------------------------------------------------X

Index No.:

Jury Trial Demanded

**AS AND FOR PLAINTIFF'S COMPLAINT,** in the above-captioned action, plaintiff Martin Shorey ("Plaintiff"), by and through Plaintiff's attorneys, Kasell Law Firm, alleges as follows:

## **PARTIES**

1. At all times mentioned herein Plaintiff, Martin Shorey was and is an individual residing at 10422 East Landon Green Circle Gulfport, MS 39503.

2. Upon information and belief, at all times herein mentioned, Defendant Superb Motors Inc. ("Defendant" or "Superb") was and is a New York Corporation with its principal place of business at 215 Northern Boulevard Great Neck, NY 11021.

3. Superb is engaged in the business of selling used motor vehicles. Superb is also engaged in the financing and arranging of financing of motor vehicles that it sells to the public.

4. Ally Financial, Inc. ("Ally") is in the business of purchasing retail installment contracts to facilitate financing of motor vehicle sales to the public.

## JURISDICTION AND VENUE

5. Jurisdiction is premised on 15 U. S. C. § 1640(e) and 28 U.S.C. §§ 1331 and 1337.

6. Plaintiff instituted this action or actual damages, statutory damages, attorneys' fees and costs against Defendant for violations of the Truth in Lending Act, 15 U.S.C. § 1601 *et. seq.* (hereinafter "TILA") and Federal Reserve Board Regulation Z, 12 C.F.R. § 1026, promulgated pursuant thereto, and for related and unrelated violations of: New York General Business Law § 349.

7. Venue in this District is proper in that the conduct complained of occurred here.

## STATUTORY FRAMEWORK
## TILA

8. The Truth in Lending Act ("TILA") is a federal law designed to protect consumers in credit transactions by requiring clear and conspicuous disclosure of key terms of the lending agreement and all costs. The statute is contained in title I of the Consumer Credit Protection Act, as amended, 15 USC §§ 1601 *et seq*. The regulations implementing the statute, which are known as an as "Regulation Z" are codified at 12 C.F.R. § 1026. The purpose of TILA is to promote the informed use of consumer credit by requiring disclosures about its terms and cost.

9. The retail installment sales contract ("RISC") is the document that a consumer is supposed to receive in which the requisite TILA disclosures are to be made.

## BACKGROUND

10. Plaintiff was looking to purchase a used automobile when he went on-line and

found the vehicle that he was interested in.

11. Plaintiff contacted Defendant and was approved for financing.

12. Plaintiff was told there was no damage to the car and no issues with the car.

13. On March 18, 2023 Plaintiff purchased the 2018 Maserati Granturismo, vehicle identification number ZAM45VLA3J0271216 (the "Vehicle") for $70,016.25. A copy of the RISC for Plaintiff's purchase of the Vehicle is attached as Exhibit "A".

14. Defendant charged a documentation fee of $175.

15. Defendant charged Plaintiff a $215 registration fee.

16. Defendant charged $2,542.90 in sales tax to Plaintiff.

17. Plaintiff paid to have the Vehicle shipped to him.

18. When he saw the Vehicle he was exceedingly disappointed. It looked terrible. Plaintiff had the vehicle inspected and was informed that it had a bent rim; the driver side rear tire was bald; the radio does not work and the radio cannot be turned off which would cost $900 to remedy; and there is an estimated more than $15,330 in work needed to the Vehicle.

19. Thus, Defendant violated TILA by charging Plaintiff for registration that it never performed

20. Defendant further violated TILA, defrauded Plaintiff and converted his funds because Plaintiff was charged $2,542.90 for taxes that have never been transmitted to the state.

21. Plaintiff has not yet received title to the Vehicle.

## COUNT I
## MULTIPLE VIOLATIONS OF THE TRUTH IN LENDING ACT

22. Plaintiff repeats the allegations set forth in paragraphs 1 - 21 as if fully set forth at

length herein.

23. At all times relevant hereto, Defendant regularly extended or offered to extend consumer credit for which a finance charge is or may be imposed or which, by written agreement, is payable in more than four installments, and are the persons to whom the transaction which is the subject of this action is initially payable, making Defendant a creditor within the meaning of TILA, 15 U.S.C. § 1602 (f) and Regulation Z § 1026.2(a)(17).

24. Plaintiff and Defendant entered into a consumer credit transaction that was memorialized in an agreements covered by the TILA as purported by the terms memorialized in the RISC.

25. Defendant violated TILA because Plaintiff was charged for taxes that were never remitted to the state.

26. Defendant violated TILA because it charged Plaintiff to register the Vehicle but failed to do so.

27. As a result of Defendant's failures the disclosures in the RISC were necessarily inaccurate.

28. Plaintiff relied on these inaccurate disclosures to her detriment.

29. Plaintiff is therefore entitled to actual damages, statutory damages and punitive damages.

30. Plaintiff is also entitled to reasonable attorneys' fees and expenses.

## COUNT II
## VIOLATION OF GENERAL BUSINESS LAW § 349

31. Plaintiff repeats the allegations set forth in paragraphs 1 – 30 as if fully set forth at

length herein.

32. New York General Business Law § 349 prohibits the use of deceptive or unfair practices in the conduct of any business, trade or commerce or in the furnishing of any service in New York.

33. The conduct alleged herein, and the sale and financing of vehicles is consumer oriented conduct as it has the demonstrated potential to be repeated with other consumers.

34. Defendant engaged in deceptive acts and practices that damaged Plaintiff by charging Plaintiff for registration of the vehicle without doing so.

35. Defendant engaged in deceptive acts and practices that damaged Plaintiff by charging Plaintiff for taxes that it never paid.

36. Defendant's actions and practices were misleading in a material respect and Plaintiff has been damaged as a result.

37. Plaintiff hereby demands that all attorneys' fees, costs, and other fees of this action be borne by Defendant and that the Court award Plaintiffs' actual damages, as well as punitive damages in an amount to be determined at trial.

## COUNT III
## FRAUD

38. Plaintiff data repeats the allegations set forth in paragraphs 1- 37 as if fully set forth at length herein.

39. Defendant made material omissions and misrepresentations of facts regarding the Defendant's licensing, registering, and titling of the Vehicle.

40. Defendant knew these omissions and misrepresentations were false.

41. Defendant made these omissions and misrepresentations for the purpose of inducing Plaintiff to rely upon them.

42. Plaintiff did, in fact, justifiably rely on the misrepresentations and material omissions by Defendant.

43. Plaintiff has been damaged as a result of the omissions and misrepresentations of Defendant.

**COUNT V**
**CONVERSION**

44. Plaintiff repeats the allegations set forth in paragraphs 1 - 43 as if fully set forth at length herein.

45. Plaintiff had legal ownership or an immediate right of possession to the tax to be paid.

46. Defendant exercised unauthorized dominion over the tax to the exclusion of Plaintiff's rights, and without making the tax payment, keeping that money for itself.

**COUNT VI**
**LIABILITY OF BANK OF AMERICA**

47. Plaintiffs repeat the allegations set forth in paragraphs 1- 42 as if fully set forth at length herein. This Count is brought against Ally Financial Inc., only.

48. Federal Law (16 C.F.R. part 433) provides all retail installment contracts contain the following provision:

> **NOTICE: ANY HOLDER OF THIS CONSUMER CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

49. Ally Financial Inc. is the holder of the consumer credit contract(s) memorialized by the RISC for the purchase of Plaintiffs' Vehicle. Ally Financial Inc. is bound by the terms quoted in Paragraph 44 above, subjecting it to all claims and defenses which Plaintiff hahs asserted against Dealer.

50. The Vehicle constitutes the "good" obtained with the proceeds of the RISC.

51. Defendant and Bank of America sold the Vehicle, which constitutes the good obtained with the proceeds of the loan.

52. Consequently, Ally Financial Inc. is subject to all claims and defenses that Plaintiff could assert against Defendant.

WHEREFORE plaintiff is entitled to:

a. Return of the purchase price;
b. Return of the taxes paid on the Vehicle;
c. Return of the fee paid for registration;
d. Return of the fee paid for documentation;
e. Return of all collateral charges incurred by Plaintiff including costs, cost of "cover," and including loss of use of the vehicle;
f. Statutory damages;
g. Twice the amount of the finance charge;
h. Prejudgment interest at the prime rate as of the date of this cause of action;
i. All reasonable attorney fees, witness fees and costs, all court costs and other fees incurred by Plaintiff, and such other and further relief that the Court deems just and appropriate.

DATED: Long Island City, New York
May 23, 2023

/s/_____
David M. Kasell, Esq. (DK-7753)
Kasell Law Firm
Attorneys for Plaintiff
1038 Jackson venue, #4
Long Island City, NY 11101
(718) 404-6668